Geeen, J.
delivered the opinion of the court.
This is a petition for a mandamus, to compel the entry taker of Gibson county to make a transfer of 150? acres, of an occupant entry in said county for 200 acres, in the name of -Wm. Thomas, and by him transferred to David Holland: *610 The petition states that about the month of November 1843, the petitioner purchased from David Holland, 150^ acres of an occupant entry, entered in the name of William Thomas, and by him'transferred to said Holland. The petitioner paid Holland for said land, and went into posession thereof, where he has remained ever since. Said Holland died in 1845, never having transferred said portion of said entry to the petitioner. The petitioner produced the affidavits of four or five respectable men, before the entry taker, by whom he proved the purchase, and payment aforesaid, — whereupon he demanded that said entry taker transfer to him 150i acres of said entry; but which he'refused to do. The answer of the entry taker admits the production before him of several affidavits by the petitioner, and his demand for a transfer of the said entry, as stated in the petition. The respondent doubted the sufficiency of the affidavits; but before the said affidavits were produced before him, the larger portion of said land had been transferred to Ben. Womack, and is now entered and appropriated, and the consideration money paid, — wherefore, he refused to make the transfer as requested. It satisfactorily appeal’s from the affidavits, that the petitioner bought and paid for 1502-acres of said occupant entry from Holland, in the fall of the year 1843. It appears also, by an exhibit to the answer, that on the 15thFebruary, 1845, Holland assigned 115 acres of said land to Ben. Womack, who had paid the money into the entry-taker’s office for the same, and it has been surveyed for him.. Upon these facts, the question is, whether the entry taker should have made the transfer as required. The act of 1839, ch. 1, sec. 5, provides that when any person has sold, or may sell his occupant claim, or any part thereof, and may fail or refuse to make the necessary transfer to the purchaser, such purphaser may file with the entry taker, in the county where the land lies, the affidavits of two respectable persons proving said bargain and *611 sale: and if it shall appear to the satisfaction of'the entry-taker; that the purchase money has been paid or tendered, or that the contract has been complied with on the part of the said purchaser, it shall be the duty of the entry taker to make the necessary transfer to the purchaser. This provision is reenacted in the 7th section of the act of 1842, ch. 34. In, the case before us, the proof of the purchase of part of the occupant entry, and that the purchaser has complied with his contract, is satisfactory; but the entry taker refused to make the transfer, because part of said entry had been transferred to another man by Holland in his lifetime, so that the quantity of acres claimed by the relator, does not now appear on the books, in the name of said Holland. We do not think that this fact furnishes any ground for refusing to make the transfer. It is not the province of the entry-taker to decide upon the conflicting equities of Womack and the relator. -This is not an application on the part of the relator to enter the land; nor will the transfer of the 1501- acres — whether it were made by Holland himself, or by the entry taker, entitle the relatpr to appropriate any part of the occupant entry which has already been appropriated by another. But ¿the relator is entitled to the transfer, that he may thereby appropriate such part of the occupant, entry as may remain — and he is entitled to be placed in a position, in which he may, if he has the better equity, investigate that question in another forum. Affirm the judgment.